IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBERT HEARD, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : CIVIL No. 7:14-CV-18-HL-TQL |
| VALDOSTA STATE PRISON | : |
| MUSLIMS and BRIAN OWENS, | : |
| | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : |

## **O R D E R**

Plaintiff Robert Heard has filed a complaint under 42 U.S.C. § 1983. Because Plaintiff has failed to pay the filing fee, the Court presumes he is seeking to proceed without the prepayment of the filing fee.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an in forma pauperis civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of the above "three strikes" rule in concluding it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin,* 144 F.3d 719, 721-27 (11th Cir. 1998). To

proceed under the imminent danger exception to section 1915(g), a prisoner must allege a present danger, as opposed to a past danger. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

For almost twenty years, Plaintiff, an abusive *pro se* litigant, has filed numerous lawsuits in federal court. Plaintiff has long had three "frivolous" strikes and thus been prohibited from proceeding in forma pauperis, unless he is able to satisfy the "imminent danger of serious physical injury" exception. *See e.g., Heard v. Danforth*, 7:12-cv-5 (HL) (listing cases). Therefore, Plaintiff now routinely alleges in his numerous complaints that he is in "imminent danger."

As in his prior filings, Plaintiff's conclusory allegations that he is in imminent danger in this case are without merit. Plaintiff has sued the "Valdosta State Prison Muslims," Defendants who clearly have no responsibility for Plaintiff's day-to-day confinement and who are not state actors for purposes of suit under 42 U.S.C. § 1983. Plaintiff's complaint makes rambling, vague, and conclusory allegations that this "is a retaliatory effort made by these Defendants to stop the prosecution of criminal assaults by the above groups" against him. He further asserts that the Defendants are trying to cover up a plot to murder him and his sister whom "they," along with other named people, tried to extort. Plaintiff's complaint makes no direct claims against Defendant Owens.[1]

Thus, Plaintiff clearly has not satisfied the "imminent danger of serious physical injury" standard. The Court finds that Plaintiff's allegations not only fail to allege an

---

[1] Defendant Brian Owens is the current Commissioner of the Georgia Department of Corrections.

imminent danger, but are also factually frivolous, as they are "clearly baseless," "fanciful," "fantastic," and "delusional." *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *Denton v. Hernandez*, 504 U.S. 25, 31–33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Based on the foregoing, Plaintiff's request to proceed in forma pauperis is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring this lawsuit, he must therefore submit a new complaint on this Court's section 1983 form, accompanied by full filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED, this 24th day of March, 2014.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

3